UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DANA M. LAMARCA,

                Plaintiff,

v.

ANDREW M. SAUL, COMMISSIONER
OF SOCIAL SECURITY[1],

                Defendant.

**DECISION AND ORDER**
18-CV-325-A

---

      Plaintiff Dana M. Lamarca brings this action pursuant to the Social Security Act for review of a final decision of the Acting Commissioner of Social Security (the "Commissioner") that denied her applications for Disability Insurance Benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act for a closed period from November 5, 2009, to November 11, 2013. Dkt. No. 1. The Court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3).

      The parties each moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Dkt. Nos. 12 and 14. Upon consideration of the record, and for the reasons set forth below, the Court grants plaintiff's motion for remand and denies the Commissioner's motion.

      The action is before the Court after an earlier stipulated remand to the Commissioner, *Lamarca v. Colvin*, 14-cv-137-A (Dkt. Nos. 10, 12), and the Court

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Commissioner of Social Security, Andrew M. Saul, is substituted for Nancy A. Berryhill, who was the Acting Commissioner when this action was filed.

reviews the record after remand to determine only whether the Commissioner applied the correct legal standards and whether substantial evidence supports the Commissioner's final decision. 42 U.S.C. § 405(g). The Court assumes the parties' familiarity with the prior proceedings, the evidence, and the issues before the Court.

## DISCUSSION

Plaintiff Lamarca, who suffers from chronic partial epilepsy, among other conditions, argues that the ALJ erred: (1) by rejecting a treating neurologist's opinions without applying the so-called *Burgess*[2] factors; and (2) in giving significant weight to a consultative examiner's opinion even though that opinion was inconsistent with the ALJ's residual functional capacity ("RFC") determination, including the ALJ's failure to reconcile the consultative examiner's opinion of moderate fine and gross wrist movement limitations with the ALJ's determination that the plaintiff could frequently use her hands and wrists. The administrative record contains conflicting evidence, but the Court agrees with plaintiff and remands the action because the ALJ discounted the opinions of treating neurologist Dr. Kenneth Murray, M.D., without explicitly applying the *Burgess* factors.

It is well-settled that if an ALJ does not afford controlling weight to a treating physician's opinion, the ALJ must "comprehensively set forth [his] reasons for the weight assigned" to that opinion. *Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004);

---

[2] The *Burgess* factors are four factors referenced in *Burgess v. Astrue*, 537 F.3d 117 (2d Cir. 2008) that an ALJ must ordinarily "explicitly consider" before giving less than controlling weight to a treating physician's opinion. *See Estrella v. Berryhill*, 925 F.3d 90, 95-96 (2d Cir. 2019). The four factors are "(1) the frequen[cy], length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence; and (4) whether the physician is a specialist." 925 F.3d at 95-96 (citation omitted).

2

*see also* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2) ("We will always give good reasons in our . . . decision for the weight we give [the claimant's] treating source's opinion."). If the opinion is given less than controlling weight, the ALJ shall consider various factors in assessing that opinion, such as the examining relationship, the extent of the relationship, medical support for the opinion, its consistency, the physician's specialization, and other relevant factors. 20 C.F.R. § 404.1527(c); *see Estrella v. Berryhill*, 925 F.3d 90, 95-96 (2d Cir. 2019).

Additionally, "[i]f a physician's finding in a report is believed to be insufficiently explained, lacking in support, or inconsistent with the physician's other reports, the ALJ must seek clarification and additional information from the physician." *Calzada v. Astrue*, 753 F.Supp.2d 250, 269 (S.D.N.Y. 2010). The Court recognizes that the ALJ may accept portions of a treating physician's report while declining to accept other portions of the same report. *See Pavia v. Colvin*, No. 6:14–cv–06379 (MAT), 2015 WL 4644537, at *4 (W.D.N.Y. Aug. 4, 2015) (citing *Veino v. Barnhart*, 312 F.3d 578, 588 (2d. Cir. 2002)). Further, the Court also recognizes "[t]he mere fact that medical evidence is conflicting or internally inconsistent does not mean that an ALJ is required to re-contact a treating physician. Rather, because it is the sole responsibility of the ALJ to weigh all medical evidence and resolve any material conflicts in the record where the record provides sufficient evidence for such a resolution, the ALJ will weigh all of the evidence and see whether it can decide whether a claimant is disabled based on the evidence he has, even when that evidence is internally inconsistent." *Allen v. Comm'r of Soc. Sec.*, 17-CV-06629 EAW, 2018 WL 6844369, *9 n.2 (W.D.N.Y. Dec. 28, 2018) (citing *Micheli v. Astrue*, 501 F. App'x 26, 29-30 (2d Cir. 2012)).

Here, the Court finds that the ALJ failed to properly assess opinions of treating neurologist Dr. Murray,  For example, the ALJ discounted Dr. Murray's treatment notes about "significant difficulties with thought processing, attention span, concentration, [and] distractability" as "somewhat broad and non-specific" Tr. 559, but that assessment is itself too conclusory in light of the long treating relationship Dr. Murray had with the plaintiff.  In addition, the ALJ did not explicitly address why the ALJ considered certain neuropsychological test results obtained by a psychologist, Dr. Gunther, on referral from Dr. Murray, to be inconsistent with Dr. Murray's assessments, including specifically a February 7, 2017 letter from Dr. Murray stating that plaintiff is likely to be off-task for 50% of an eight-hour work day.  *Compare* Tr. 559-60 *with* Tr. 6 (Dr. Murray's specific comments on the psychometric test results obtained by Dr. Gunther) *and with* Tr. 1452-55 (the test results).

According to the ALJ, the February 7, 2017 letter-opinion (Tr. 1525) was given less weight partly because an option in the form letter to insert the information called into question whether Dr. Murray actually completed or caused to be completed a typed portion of the letter.  Tr. 560.  But because Dr. Murray signed the letter, it is construed as his opinion. *See Fritty v. Berryhill*, No. 17-CV-00769F, 2019 WL 289779, at *4 (W.D.N.Y. Jan. 23, 2019) (citing *Gandino v. Comm'r of Soc. Sec.*, 5:17-CV-0042(WBC), 2018 WL 1033287, at *7 (N.D.N.Y. Feb. 22, 2018) (additional citation omitted).  This holds true even if plaintiff's representative solicited the opinion. *See McCarthy v. Colvin*, 66 F.Supp.3d 315, 323 (W.D.N.Y. 2014) ("[t]he Court finds that even where relevant evidence has been solicited by the claimant or her representative, that is not reason enough to warrant ignoring such evidence").

When the ALJ otherwise explained that she gave "very little weight" to Dr. Murray's treatment notes, certain of his letters, and his medical opinions because "they are essentially sole opinions, in a file with many medical opinions, indicating that the claimant is disabled or unable to sustain full-time unskilled work," Tr. 560, the ALJ failed sufficiently to recognize that Dr. Murray's opinions as a treating provider are ordinarily to be afforded controlling weight unless explicit consideration of the *Burgess* factors supports giving them lesser weight. *Estrella v. Berryhill*, 925 F.3d 90, 95-96 (2d Cir. 2019). Here, after searching review, while the Court finds that while the ALJ did give some legitimate reasons to discount Dr. Murray's opinions, the Court is unable to find that the ALJ's procedural error in failing to explicitly consider the *Burgess* factors was harmless error. The ALJ failed explicitly to address that Dr. Murray had treated plaintiff's seizures for approximately ten years, *see* Tr. 466, 1525; that Dr. Murray's treatment notes, with some exceptions, appear consistent with his opinions, *see, e.g.*, Tr. 420-23, 464-97, 1413-37; and that Dr. Murray is a specialist whose opinion as a neurologist on the effects of plaintiff's chronic partial epilepsy must ordinarily to be given more weight than those of consultants and others from outside the neurology specialty. 925 F.3d at 95-96.

The Court expresses no opinion on the weight that the ALJ on remand should ultimately give Dr. Murray's opinions once the *Burgess* factors are explicitly considered. Plaintiff has put forth additional arguments why she contends the ALJ's decision was not supported by substantial evidence. "However, because the Court has already determined, for the reasons previously discussed, that remand of this matter for further administrative proceedings is necessary, the Court declines to reach [these issues]. *Will*

*o/b/o C.M.K. v. Comm'r of Soc. Sec.*, 366 F.Supp.3d 419 (W.D.N.Y. 2019) (citing *Bell v. Colvin*, No. 5:15-CV-01160 (LEK), 2016 WL 7017395, at *10 (N.D.N.Y. Dec. 1, 2016)) ("declining to reach arguments 'devoted to the question whether substantial evidence supports various determinations made by [the] ALJ' where the court had already determined remand was warranted").

## CONCLUSION

Based on the foregoing, Plaintiff Dana M. Lamarca's motion pursuant to Fed. R. Civ. P. for judgment on the pleadings (Dkt. No. 12) is granted and the case is remanded. The Commissioner's cross-motion for judgment on the pleadings (Dkt. No. 14) is denied. The Clerk shall enter judgment for the plaintiff and shall close the case.

**IT IS SO ORDERED.**

                                    *s/Richard J. Arcara*
                                    HONORABLE RICHARD J. ARCARA
                                    UNITED STATES DISTRICT COURT

Dated: October 11, 2019